**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL FARAH,** ) | **CASE NO. 4:06 CV 1481** |
| ) | |
| **Plaintiff,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **RANDALL A. WELLINGTON,** ) | **ORDER** |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court upon Plaintiff Daniel Farah's ("Farah") "Motion to Dismiss Defendant's Motion for Summary Judgment as Premature, and In the Alternative For an Extension of Time for Plaintiff to do Discovery and File his Memorandum Contra" (Dkt. # 5) and Farah's "Motion for Status Conference and for Extension of Time to File his Memorandum Contra to Defendant's Motion for Summary Judgment" (Dkt. # 9).  Also before the Court is Defendants Randall A. Wellington, Michael Budd, Frederick White, and Mahoning County, c/o the Mahoning County Board of Commissioners' ("Defendants") "Brief in Opposition to Plaintiff's Motion for Extension of Time to Conduct Discovery in this Case" (Dkt. # 7) and Farah's Reply (Dkt. # 8).

On June 16, 2006, Farah filed a Complaint under 42 U.S.C. §§ 1983 and 1988, alleging violations of his rights under the United States Constitution.  The Complaint names Randall A. Wellington, Michael Budd, Frederick White, Jacob DiCarlo, and Mahoning

County, c/o the Mahoning County Board of Commissioners.[1] This case is a refiled case that was dismissed without prejudice by this Court on June 17, 2005 for Farah's failure to prosecute. (Case No. 4:04cv0057, Dkt. # 44). The Complaint in the instant matter alleges the same claims against the same defendants as in the dismissed case. (Dkt. # 1, Compl.; Case No. 4:04cv0057, Dkt. # 2). The discovery deadlines had passed in the previously filed case. Further, Defendants' motion for summary judgment was pending before the Court at the time of dismissal. (Case No. 4:04cv0057, Dkt. #s 26, 27). The Court further notes that said individual defendants have asserted qualified immunity.

The defense of qualified immunity completely protects government officials performing discretionary functions from Section 1983 actions in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell, 472 U.S. at 526. As a result, the Court must resolve qualified immunity questions at the earliest possible stage in litigation. See Saucier, 533 U.S. at 201 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

> When a plaintiff files a complaint against a public official alleging a claim
> that requires proof of wrongful motive, the trial court must exercise its

---

[1] Defendant Jacob DiCarlo has not yet entered an appearance in this matter.

>discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.

Crawford-El v. Britton, 523 U.S. 574, 597-98 (1998).

Indeed, "one of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." Anderson v. Creighton, 483 U.S. 635, 646 (1987) (internal quotation marks omitted). Therefore, officials are entitled to a stay of discovery pending the Court's ruling on their motion for summary judgment based on qualified immunity. See Anderson, 483 U.S. at 646 n.6 ("[D]iscovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity."); accord Poe v. Haydon, 853 F.2d 418 (6th Cir. 1988).

Accordingly, the Court hereby orders that all discovery in this matter shall be **STAYED** except that limited discovery may be conducted where necessary to resolve the issue of qualified immunity. See Saucier, 533 U.S. at 194. In determining whether limited discovery is necessary, the Court requires that the request be presented in writing to the Court and comply with the terms of Rule 56(f) of the Federal Rules of Civil Procedure.

Therefore, the Court **ORDERS** that Farah's "Motion to Dismiss Defendant's Motion for Summary Judgment as Premature, and in the Alternative for an Extension of Time for Plaintiff to do Discovery and File his Memorandum Contra" is **GRANTED in PART and DENIED in PART**. (Dkt. # 5). Farah's Motion to Dismiss Defendants'

Motion for Summary Judgment is **DENIED**. (Dkt. # 5). Farah's Motion for an Extension of Time is **GRANTED in PART**. (Dkt. # 5). The Court orders that Farah file his Memorandum in Opposition to Defendants' Motion for Summary Judgment on or before **Monday, September 4, 2006**. Defendants' reply brief shall be filed on or before **Monday, September 18, 2006**. **NO FURTHER EXTENSIONS SHALL BE GRANTED.**

Finally, Farah's "Motion for Status Conference and for Extension of Time to File his Memorandum Contra to Defendant's Motion for Summary Judgment" is **DENIED as MOOT**. (Dkt. # 9).

    **IT IS SO ORDERED.**

    **s/Peter C. Economus - August 3, 2006**
    **PETER C. ECONOMUS**
    **UNITED STATES DISTRICT JUDGE**